IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: ) | Chapter 7 | |
| ) | | |
| **Carlos Beltran,** ) | | |
| ) | Case No. 09 B 17482 | |
| Debtor. ) | | |
| _____) | | |
| ) | | |
| **C. J. Carbone** ) | | |
| ) | | |
| v. ) | Adversary No. 09 A 00778 | |
| ) | | |
| **Carlos Beltran** ) | | |

**MEMORANDUM OF DECISION**

This Chapter 7 case is before the court on a joint motion to settle a creditor's objection to the debtor's discharge, brought under § 727(a) of the Bankruptcy Code (Title 11, U.S.C.). The complaining creditor and the debtor propose that the objection be dismissed in exchange for the debtor making a payment to the creditor; no other parties would receive any compensation. Although objections to discharge may be settled on appropriate terms, these terms are not appropriate. A creditor objecting to discharge acts for the benefit of all of the debtor's creditors, and any settlement must benefit the creditors as a whole. Accordingly, the motion will be denied.

**Jurisdiction**

Under 28 U.S.C. § 1334(a), the federal district courts have "original and exclusive jurisdiction" of all cases under the Bankruptcy Code, but 28 U.S.C. § 157(a) allows the district courts to refer these cases to the bankruptcy judges for their districts. The District Court for the Northern District of Illinois has made such a reference of all of its bankruptcy cases. N.D. Ill. Internal Operating Procedure 15(a). Under this reference, a bankruptcy judge has

jurisdiction to "hear and determine . . . all core proceedings arising under title 11, or arising in a case under title 11." 28 U.S.C. § 157(b)(1). Proceedings regarding objections to a debtor's discharge are core proceedings. 28 U.S.C. § 157(b)(2)(J).

**Factual Background**

The relevant facts are not in dispute. Carlos Beltran filed a petition for relief under Chapter 7 of the Bankruptcy Code on May 14, 2009. C. J. Carbone is one of Beltran's creditors, holding an unsecured claim of $20,410.

On August 26, 2009, Carbone filed a complaint under § 727(a)(2)-(6) of the Bankruptcy Code. The complaint alleges that Carbone obtained a state court judgment against Beltran and that, before Beltran's bankruptcy filing, Carbone served an Illinois citation to discover assets on Beltran, forbidding him from transferring funds into or out of certain bank accounts. Beltran, according to the complaint, nevertheless continued to use his bank accounts to conceal assets from creditors. The complaint goes on to allege that, after filing the bankruptcy case, Beltran provided a false statement about the extent of his assets, failed to explain the loss of his assets, and failed to maintain or preserve appropriate books and records. The complaint seeks denial of Beltran's discharge.

Carbone and Beltran have reached a settlement. It provides for Carbone to dismiss his complaint in return for a series of payments totaling $8,500: $1,500 from a tax refund of Beltran's wife; $1,000 from income Beltran has already earned since the bankruptcy filing; and $6,000 from income Beltran would earn after the close of the bankruptcy. Other than Carbone, no other creditor would receive anything under the settlement, although the settlement would permit other parties to substitute as plaintiff in the objection to discharge before it was dismissed.

Carbone and Beltran filed a joint motion seeking approval of the settlement and, in response to the court's concern about its propriety, a supplemental brief in support. Although the U.S. trustee's representative expressed a general policy against discharge settlements that favor a particular creditor, no formal objections were filed.

## Conclusions of Law

Section 727(a) of the Bankruptcy Code grants individual Chapter 7 debtors a broad discharge, defined by § 524(a) of the Code, of their pre-bankruptcy debts. The right to a discharge, however, is reserved for the "honest but unfortunate debtor." *Grogan v. Garner*, 498 U.S. 279, 287 (1991) (quoting *Local Loan v. Hunt*, 292 U.S. 234, 244 (1934)). Section 727(a) identifies twelve grounds justifying denial of discharge, including destroying or concealing property, falsifying records, making false oaths, and refusing to obey a lawful court order. As these grounds reflect, § 727(a) is primarily concerned with actions "that undermine the integrity of the bankruptcy system." *Bank One v. Kallstrom (In re Kallstrom)*, 298 B.R. 753, 758 (B.A.P. 10th Cir. 2003). By denying a discharge—the principal benefit that bankruptcy offers to an individual debtor—§ 727(a) provides a powerful sanction against debtors whose misconduct affects the bankruptcy proceeding.

But beyond punishing debtors, denial of discharge indirectly benefits all of a debtor's creditors, by allowing them to continue collection actions against the debtor. *See Bankruptcy Receivables Mgmt. v. de Armond (In re de Armond)*, 240 B.R. 51, 57 (Bankr. C.D. Cal. 1999) (stating that a successful objection to discharge "provides a benefit to all creditors in the case, because the debtor's discharge is denied in full").

The Bankruptcy Code reflects the importance and scope of a denial of discharge by granting broad standing to object to discharge. Section 727(c) allows "[t]he trustee, a creditor, or the United States trustee" to assert misconduct by the debtor under § 727(a). Here, the

objection was brought by a single creditor, Carbone. In proceedings like this, there is frequently a question about whether, and on what terms, the objection may be settled, and the answer in the reported decisions is not uniform. Two general approaches can be seen in the case law—(1) refusal to permit any settlement of objections to discharge and (2) allowance of settlements that are in the best interests of the creditor body.[1] The best approach is that settlements may be allowed, but only those that provide equivalent benefits to all creditors.

1. *Disallowance of all settlements of objections to discharge.* A few decisions have held that an objection to discharge can never be settled—that the plaintiff must either proceed to judgment or dismiss the action without consideration from the debtor. *See, e.g., In re Levy*, 127 F.3d 62, 63 (3d Cir. 1942); *In re Levine*, 287 B.R. 683, 688-703 (Bankr. E.D. Mich. 2002); *Moister v. Vickers (In re Vickers)*, 176 B.R. 287, 290 (Bankr. N.D. Ga. 1994); *In re Moore*, 50 B.R. 661, 664 (Bankr. E.D. Tenn. 1985). One rationale for this view is that nothing in the Bankruptcy Code explicitly authorizes a trustee or creditor to settle objections to discharge. *See, e.g., Levine*, 287 B.R. at 702 ("[T]he Chapter 7 Trustee simply has no authority to settle objections to discharge in exchange for consideration."). A second rationale is that a debtor's discharge is a matter of public policy and so cannot be negotiated—that dishonest debtors

---

[1] Two decisions, *In re Margolin*, 135 B.R. 671 (Bankr. D. Colo. 1992) and *In re Short*, 60 B.R. 951 (Bankr. M.D. La. 1986), are sometimes read as adopting a third approach—that any settlement of a discharge objection should be approved if (1) notice of the settlement is provided to creditors and (2) other parties in interest are allowed to substitute as plaintiff. Neither *Margolin* nor *Short*, however, actually applies such a rule. *Margolin* involved both an objection to discharge under § 727(a) and a complaint to determine that a particular debt was excepted from discharge under § 523(a), and the settlement in question provided for payments to the complaining creditor solely on account of the § 523(a) claim. Indeed, the court questioned whether, on the facts of that case, the creditor could "ethically prosecute the § 727 complaint." *Id*. at 673. Thus, as noted in *In re Krizmanich*, 139 B.R. 456, 458 (Bankr. N.D. Ind. 1992), "*Margolin* is easily distinguishable" from motions to settle a § 727 action. *Short*, on the other hand, was a preliminary opinion, and although it suggests that the court would have no authority to disapprove a settlement if other parties were given the opportunity to object and to substitute as plaintiff in the discharge proceeding, 60 B.R. at 952-53, there is no indication in the published opinion whether a settlement was ultimately approved. No decision in the decades after *Short* appears to have accepted the proposition that courts may approve settlements of objections to discharge based simply on notice and a right to intervene.

should not be able to purchase discharges to which they are not entitled. *See, e.g., Moore*, 50 B.R at 664 ("Discharge . . . is a statutory right involving public policy considerations. It is *not* a proper subject of contractual negotiation.").

Neither of these rationales is persuasive. First, the authority to settle any judicial claim simply flows from standing to prosecute the claim, requiring no special grant of authority. "Consensual resolution of litigation has been favored in the law from time immemorial." *Hass v. Hass (In re Hass)*, 273 B.R. 45, 50 (Bankr. S.D.N.Y. 2002); *see also McCall-Bey v. Franzen*, 777 F.2d 1178, 1195 (7th Cir. 1985) ("Settlement agreements are highly favored and will be enforced whenever possible."); *Airline Stewards and Stewardesses Ass'n, Local 550 v. Trans World Airlines, Inc.*, 630 F.2d 1164, 1166 (7th Cir. 1980), *aff'd sub nom., Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385 (1982) ("Federal courts look with great favor upon the voluntary resolution of litigation through settlement."). Although the federal rules for civil and bankruptcy cases set out procedures for obtaining approval of settlements, these procedures are based on the understanding the parties have an inherent right to settle their disputes. *See, e.g.*, Fed. R. Civ. P. 23 advisory committee's note (2003) ("Subdivision (e)(1)(A) expressly recognizes the power of a class representative to settle class claims, issues, or defense."). Thus, nothing in the Bankruptcy Code specifically authorizes a party in interest to compromise an objection to a proof of claim or an objection to a debtor's claim of an exemption, but no one has suggested that settling those matters is precluded by a lack of authority.[2] So the relevant inquiry is not whether the Bankruptcy Code authorizes settlements

---

[2] The *Levine* decision recognized that a Chapter 7 trustee has the "inherent authority" to settle an objection to a proof of claim, but found that this power was a consequence of the trustee's "authority to administer" claims against the estate under § 704(5), separate from a trustee's ability to object to discharge which stems from § 727(a). 287 B.R. at 691. This argument is not well grounded. Section 704(5) is not a special grant of power, but rather the imposition of a duty on the trustee—to object to improper proofs of claims. The section similarly imposes a duty on the trustee to object to discharge "if advisable." *See* 11 U.S.C. § 704(6). Neither provision is the actual grant of authority. The trustee's power to object to

5

of objections to discharge, but rather whether there is anything in the Code that prohibits such settlements. There is none; the ordinary principle encouraging appropriate settlement is therefore fully applicable. *See, e.g., Hass*, 273 B.R at 54 ("Settlements in discharge and dischargeability litigation are no less favored.").

Second, public policy does not present any special barrier to settlement of objections to discharge. The argument that compromising § 727(a) actions allows debtors to purchase discharges to which they are not entitled ignores the unresolved nature of the dispute at the time of settlement—whether the debtor should be denied or granted a discharge could only be determined after further and potentially costly proceedings. As with any other dispute, settlement of objections to discharge has the potential for arriving at a reasonable resolution without an unnecessary expenditure of resources. And it can hardly be said that denial of discharge is too important a sanction to be compromised. Public policy permits criminal defendants to obtain lesser sentences for pleading guilty. *See* Fed. R. Evid. 410 advisory committee's note (1972) (stating that the rule "has as its purpose the promotion of disposition of criminal cases by compromise"). Public policy then can also be served by permitting debtors to settle an objection to discharge. *See In re Kalantzis*, No 99-1173, 2000 WL 33679401, at *3 (Bankr. D.N.H. Aug. 21, 2000) (stating that compromise is preferable to full litigation "[f]rom a systemic perspective").

2. *Objections to discharge can be settled on terms that are fair and equitable and in the best interests of the estate.* Most courts allow settlement of an objection to discharge if the terms of the settlement are fair and equitable and in the best interest of the estate. *See In re Sheffer*, 350 B.R. 402, 406-07 (Bankr. W.D. Ky. 2006) (collecting cases). This follows the

---

proofs of claim derives from § 502(a), which grants standing to any party in interest, just as § 727(a) grants standing to the trustee, United States Trustee, and creditors to object to discharge. Given the similarity between these provisions, there is no basis for concluding that a trustee may settle one kind of objection but not the other.

general rule for approving settlements in bankruptcy cases. *See Tri-State Fin'l, LLC v. Lovald,* 525 F.3d 649, 654 (8th Cir. 2008). There is, however, a difference in opinion as to whether a settlement that provides a disproportionate benefit to the creditor who brought the objection to discharge is fair and equitable to the other creditors.

At least two decisions indicate approval of settlements in which the bulk of the recovery would go to the plaintiff-creditor and not to the general creditor body. *See Tindall v. Mavrode (In re Mavrode)*, 205 B.R. 716, 721 (Bankr. D.N.J. 1997) (approving a settlement under which the plaintiff creditor received $15,000 and other creditors received nothing); *Jacobson v. Robert Speece Props., Inc. (In re Speece)*, 159 B.R. 314, 317-33 (Bankr. E.D. Cal. 1993) (finding potentially fair and equitable a settlement that benefited only the objecting creditor, but ultimately disapproving settlement because the court had previously determined that debtor was not entitled to discharge). Under this view, even though only one creditor is being paid directly, the rest of the creditors will receive a benefit because the settlement extinguishes the plaintiff's claims against the estate and so, to the extent any estate assets are distributed, every other creditor's pro rata recovery is increased. *See Mavrode*, 205 B.R. at 720-21.[3]

There are a number of problems with this approach. First, in a Chapter 7 case in which there are no assets to distribute—and over 95% of Chapter 7 cases involve no assets[4]— the settlement does nothing to benefit other creditors because they will not receive any distribution on their claims. Second, even in asset cases, the benefit to the non-settling

---

[3] The *Marvrode* court also stated that settlement would avoid litigation and the attendant "possible depletion of the assets of the estate and a subsequent harm to the other creditors." *Id.* at 721. The basis for this statement is not clear. Litigation between a creditor and Chapter 7 debtor would not appear to involve any estate assets.

[4] *See* Ed Flynn, Gordon Bermant, and Suzanne Hazard, Chapter 7 Asset Cases, 21-Jan Am. Bankr. Inst. J. 22 (2003) ("About 96 percent of chapter 7 cases are closed without any funds collected and distributed to creditors.").

7

creditors is likely to be negligible unless the party objecting to discharge holds a large portion of the total claims against a substantial debtor's estate. Finally and most fundamentally, permitting a single creditor to obtain a benefit disproportionate to what other creditors receive is at odds with the consequence of a denial of discharge, which allows all creditors equally to pursue their claims. Many decisions recognize this problem with a proposed settlement payment to a single creditor. *See Kallstrom*, 298 B.R. at 760; *Peterson-Marone Construction, LLC v. McKissack (In re McKissack)*, 320 B.R. 703, 720-24 (Bankr. D. Colo. 2005); *Lindauer v. Traxler (In re Traxler)*, 277 B.R. 699, 706 (Bankr. E.D. Tex. 2002); *Pennwell Printing Co. v. Stout (In re Stout)*, 262 B.R. 862, 864 (Bankr. D. Colo. 2001); *Kalantzis*, 2000 WL 33679401, at *3; *Armond*, 240 B.R. at 58; *In re Bates*, 211 B.R. 338, 343 (Bankr. D. Minn. 1997); *Bank One, Crawfordsville, NA v. Smith (In re Smith)*, 207 B.R. 177, 178 (Bankr. N.D. Ind. 1997).

Rather than asking if the non-plaintiff creditors will receive any benefit from settlement of an objection to discharge, the proper inquiry is whether, as members of a represented class, they will receive a benefit proportionate to that of the plaintiff acting in a representative capacity. Courts have frequently recognized the similarities between objections to discharge and class actions. *See, e.g.*, *Kage v. Joseph (In re Joseph)*, 121 B.R. 679, 682 (Bankr. N.D.N.Y. 1990) (describing an objection to discharge as a "quasi-class action"). And indeed, the two proceedings are strikingly parallel.

• Just as courts in class actions may replace a class representative with another member of the class, bankruptcy courts generally allow a trustee or creditor to substitute as plaintiff if the original party no longer wishes to pursue its objection. *See Peterson-Marone Construction, LLC v. McKissack (In re McKissack)*, 320 B.R. 703, 714 (Bankr. D. Colo. 2005) ("The great weight of authority allows substitution to permit a new party to continue prosecution of the original § 727 action."); *WM. Cameron & Co. v. Gresham (In re Gresham)*, No. 05-04068,

8

2006 WL 2924622, at *3 (N.D. Tex. Oct. 12, 2006) ("If the action is for the benefit of all creditors and the trustee, logically any of them could be substituted as a plaintiff.").

• Like class representatives, a party objecting to discharge has a fiduciary duty to act in the best interests of all creditors. *See Kalantzis,* 2000 WL 33679401, at *3 ("It is generally agreed that once a party initiates a § 727 action, the party becomes, in effect, a fiduciary on behalf of all creditors."); *Armond,* 240 B.R. at 57 ("[A] creditor who commences an adversary proceeding under § 727 becomes . . . a fiduciary on behalf of all creditors."); *Bates*, 211 B.R. at 343 ("A private creditor who commences a § 727 proceeding on behalf of the estate assumes a duty to act in the best interests of the general creditor body."); *In re Taylor*, 190 B.R. 413, 416 (Bankr. D. Colo. 1995) ("When bringing a complaint objecting to discharge, a creditor becomes, in effect, the trustee of that action as it inures to the benefit of all creditors."); *Austin Farm Ctr., Inc. v. Harrison (In re Harrison)*, 71 B.R. 457, 459 (Bankr. D. Minn. 1987) ("[In objecting] to discharge under § 727(a), a private creditor assumes something of the role of a trustee.").

• Dismissals of class actions and § 727(a) proceedings are subject to similar procedures. Although Civil Rule 41(a) allows a typical lawsuit to be dismissed without court approval on the stipulation of all parties involved, Civil Rule 23(e) requires for dismissal of a class action (i) notice to all class members who would be bound, (ii) a hearing and judicial finding that a proposal binding class members is "fair, reasonable, and adequate," and (iii) a statement from the moving parties identifying any agreement made in connection with the proposal. Federal Rule of Bankruptcy Procedure 7041 provides similar notice and disclosure obligations, stating that "a complaint objecting to the debtor's discharge shall not be dismissed at the plaintiff's insistence without notice to the trustee, the United States trustee, and such other persons as the court may direct, and only on order of the court containing terms and conditions which the

court deems proper."[5] By permitting bankruptcy courts to impose conditions on dismissal, Bankruptcy Rule 7041, like Civil Rule 23, allows courts to refuse to grant dismissal unless it is on terms that the courts find to be fair and reasonable. *See Kallstrom*, 298 B.R. at 759 ("[Bankruptcy Rule 7041] plainly affords the bankruptcy court considerable discretion in determining whether a § 727(a) complaint should be dismissed at the request of a plaintiff, and if so under what terms and conditions.").

Given the similarities between class actions and objections to discharge, the standard for approving settlements of class actions should be considered in determining whether to approve settlements of § 727 actions.[6] In class actions, courts routinely reject settlements that propose to pay class representatives a disproportionate share of the proceeds, because such agreements are not in the best interests of the class members as a whole. *See, e.g.*, *Murray v. GMAC Mortgage Corp.*, 434 F.3d 948, 952 (7th Cir. 2006) (finding a settlement "untenable"

---

[5] The Advisory Committee Notes to both rules indicate that dismissal of either a class action or an objection to discharge raises significant concerns about whether the named plaintiff has received some consideration in return for dismissal, and so the rules provide for greater disclosure to allow courts to determine whether the plaintiff has acted in the best interests of the others affected. *See* Fed. R. Civ. P. advisory committee's note (2003) ("[Rule 23(e)(3)] aims . . . at related undertakings that, although seemingly separate, may have influenced the terms of the settlement by trading away possible advantages for the class in return for advantages for others."); Fed. R. Bankr. P. 7041 advisory committee's note (1983) (stating that "[d]ismissal of a complaint objecting to a discharge raises special concerns because the plaintiff may have been induced to dismiss by an advantage given or promised by the debtor or someone acting in his interest," and that the rule permits courts to continue the "salutary practice" of requiring "the plaintiff to file an affidavit that nothing has been promised to the plaintiff in consideration of the withdrawal of the objection").

[6] There are, as Carbone and the debtor argue, several differences between class actions and objections to discharge, but each of these differences makes careful judicial review of discharge settlements more—not less—necessary. Unlike a class action, a plaintiff in a § 727(a) proceeding need not be certified as an appropriate class representative nor may other creditors opt-out of the action, so all creditors are bound by the self-appointed representative. Moreover, each member of a class action has an individual (though similar) claim against the defendant, and so a class member who opts-out would be free to settle that individual claim with the defendant. By contrast, no creditor holds an individual § 727(a) claim—discharge is an all-or-nothing proposition—and so a creditor could not assert the claim except as a representative of all creditors.

where class representative would receive $3,000 and class members receive less than $1 apiece); *Staton v. Boeing Co.*, 327 F.3d 938, 977-78 (9th Cir. 2003) (district court abused its discretion in approving settlement that contained a "very large differential in the amount of damage awards between the named and unnamed class members"); *Kaufman v. Am. Express Travel Related Servs. Co., Inc.*, 264 F.R.D. 438, 448 (N.D. Ill. 2009) (rejecting settlement that proposed to pay class representative 125 times more than any class members).

Applying this standard to the settlement proposed here requires its rejection. The settlement does not propose to pay Carbone just a disproportionate share of the proceeds, but all of the proceeds. It is simply impossible to approve such an agreement as "fair, reasonable, and adequate" as that term is understood in class actions. *See Kallstrom*, 298 B.R. at 760; *McKissack*, 320 B.R. at 720-24; *Traxler*, 277 B.R. at 706; *Stout*, 262 B.R. at 864; *Kalantzis*, 2000 WL 33679401, at *3; *Armond*, 240 B.R. at 58; *Bates*, 211 B.R. at 346; *Smith*, 207 B.R. at 178.

Carbone and the debtor nevertheless argue that the settlement should be approved because it has gone out on notice to all parties, would be funded by non-estate assets, and would permit other parties to substitute as plaintiff. These proposed solutions do nothing to ameliorate the fundamental problem: Carbone is attempting to use an objection to discharge—which can be asserted only on behalf of all creditors—to obtain a payment solely for himself. The *Smith* decision aptly rejected a similar settlement:

> Some things are black and white and this is one of them. If the successful prosecution of a proceeding will benefit the entire creditor body, that action may not be settled in return for a private benefit. Unless the same parties that would benefit from the successful prosecution of a particular action also receive the benefits of its settlement, the settlement is improper. No amount of notice, absence of objection, or lack of creditor interest can change this principle or remove the fundamental impropriety which taints a settlement that does not comply with it.

*Smith*, 207 B.R. at 178.

11

**Conclusion**

Because a creditor may not compromise an objection to discharge in exchange for payments that benefit only that creditor, the proposed settlement between Carbone and the debtor cannot be approved; the parties' motion will be denied.

Dated: August 25, 2010

                                                                                                                                 */s/ Eugene R. Wedoff*
                                                                                                                                Eugene R. Wedoff
                                                                                                                                United States Bankruptcy Judge